## MINISTER OF FINANCE *vs.* W. R. CASTLE.

Submission on Agreed Facts.

Hearing, June 18, 1890.   Decision, October 21, 1890.

Judd, C.J., McCully, Bickerton, Dole, JJ.

The fixed rent in a lease was $5,000 per annum. The lease contained also an agreement that four per cent. of the produce of the demised premises might be paid in lieu of rent; but in no case should the percentage amount to less than $5,000 per annum. There was also an executory agreement in the same instrument for the sale of wood growing on the land for $5,000 of paid-up stock in the plantation.

Held, that the instrument required seven dollars stamp duty; five dollars on lease, one dollar on agreement and one dollar on the executory agreement.

Opinion of the Court, by Bickerton, J.

The question raised by the papers in this matter is the amount of stamp duty required upon a certain lease made by Benjamin F. Dillingham to W. R. Castle, dated 10th day of December, 1889, of certain premises in the District of Ewa, Island of Oahu, W. R. Castle claiming that the amount of stamp duty required upon such lease is only five dollars, which stamp has been placed on the said lease, the lease setting forth that in no case shall the rent be less than five thousand dollars per annum, which is the only fixed rent named therein; whereas the Minister of Finance claims that the amount to be paid, as by said lease required, is four per cent upon the sugar produced upon the lands demised, and he, believing that the amount of such rent will not fall below twenty-five thousand dollars per annum, fixes the stamp duty at twenty-five dollars.

By the Court.

Sec. 6 of the Stamp Duties Act of 1876 reads: "Every instrument containing distinct matters, or made for more than

one consideration, shall be stamped on each matter or consideration."

On examination of the lease in question, we find that it contains three distinct matters:

First. A fixed rent of five thousand dollars per annum.

Second. An agreement that in lieu of rent for the demised premises the lessor shall be paid one twenty-fifth of all proceeds of all sugars or other produce raised on said lands after deducting certain specified expenses and charges, but for the years 1890 and 1891 the amount of $5,000 each year shall be paid as rental in place of such percentage, and, further, that if in any year the amount of percentage should not amount to $5,000, then the sum of $5.000 shall be paid as rent, without regard to percentage.

Third. An executory agreement for the sale of all the wood now growing upon the land of Waimanalo to the lessee, for $5,000, paid in paid-up stock of the sugar plantation to be established for the cultivation of the demised premises.

As to the first matter there is no dispute, and the five-dollar duty stamp is affixed to the lease. The statute requires one dollar stamp for every $1,000 (or fraction thereof) rent per annum; in this case the fixed rent being $5,000 per annum, the stamp duty is five dollars.

As to the second matter, to try and fix the stamp duty on such an agreement for rent would only be working in the dark and guess work—there is nothing certain; all would have to depend on the state of the market, state of the crops, state of the weather and many other contingencies, which it is impossible for human ability to ascertain with any certainty. We do not consider that the statute contemplates the charging of stamp duty in such cases, where there is a fixed rental named in the same lease, as in this case. But this is a distinct agreement, and under the statute requires stamp duty of one dollar.

As to the third matter, it being an executory agreement for the sale of the wood, the stamp duty required is one dollar.

We therefore find that the amount of stamp duty actually required under the law upon the lease in question is seven dollars.

### PARTIALLY DISSENTING OPINION OF DOLE, J.

There is no authority in the statute for basing a charge of stamp duty on a lease in such a case, where rent is made a percentage of the profits, upon an estimate of prospective profits. Moreover, such an estimate would be merely speculative and often unjust to the taxpayer. I agree, therefore, with the opinion of the Court that the lease must be charged with a stamp duty of five dollars on account of the minimum annual rent reserved, of $5,000.

I also agree with the opinion of the Court that one dollar stamp duty must be charged for the executory agreement which the lease contains for the sale of wood.

I disagree, however, with that part of the Court's opinion which decides that the agreement that four per cent. of the lessee's profits shall be paid as rent, when such four per cent. amounts to more than $5,000, is a distinct agreement, and must be taxed one dollar as such. The lease provides that the rent shall be fixed by a percentage on the profits, except when such percentage realizes less than $5,000 a year, in which contingency the rent shall be $5,000 for such year. A covenant for rent is a necessary part of every lease where the whole rent is not paid in advance, and cannot be regarded as a distinct agreement from the lease and taxed as such. In this case the circumstance that the agreement for rent is amplified somewhat beyond the ordinary simple form does not make a distinct agreement of it. This agreement for rent is one agreement, it cannot be cut in two; it is an agreement, in the alternative, that the rent shall be paid by a percentage, except upon the happening of a certain contingency, when it shall be paid by a fixed sum. Under this reasoning, therefore, the lease is liable to a stamp duty of only six dollars.

*Deputy Attorney-General Creighton*, for plaintiff.
*W. R. Castle*, in person.