JAMES F. MORGAN *v.* MRS. F. C. BETTERS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 15, 1901. DECIDED NOVEMBER 29, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Under a contract of sale of specific chattels at a stipulated price, when nothing remains to be done to designate the property sold or the price to be paid, the title, independent of the statute of frauds, immediately vests in the buyer, and a right to the price in the

seller, unless it can be shown that such was not the intention. of the parties.

## OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff, a licensed auctioneer, conducted a sale at a private residence in Honolulu which the defendant attended and bid on two articles of personal property that were "knocked down" to her. The aggregate value of the articles was $3.25. The defendant did not pay for the property nor remove it from the house and, after the sale, the plaintiff removed the same to his salesroom and notified the defendant that the same was there subject to her order and demanded payment of the contract price. The defendant refused to accept the goods or to pay the price. Suit was filed and judgment recovered in the district court in favor of the plaintiff for the contract price and costs. The defendant appealed to the circuit court where, after trial, the judgment of the district court was affirmed. The defendant comes to this court on exceptions.

It is contended, on behalf of the defendant, that there was no delivery of the goods; that the contract of sale was executory and that the plaintiff should have resold the goods and demanded from her only the difference, if any, between the contract price and the amount brought at the re-sale.

In support of this position counsel cites the case of *Gordon v. Norris*, 49 N. H., 382. We do not think this case applicable to the case at bar, but we have found a later decision of the Supreme Court of New Hampshire that states the law of this case very clearly as follows: "To maintain an action for goods bargained and sold, the contract of sale must be so far completed as to vest the title in the buyer. As between the parties, delivery is not essential to a completed sale, except when required by the statute of frauds. As a general rule, under a contract of sale of specific chattels at a stipulated price, when nothing remains to be done to designate the property sold or the price to be paid, the title, independently of the statute of

frauds, immediately vests in the buyer, and a right to the price in the seller, unless it can be shown that such was not the intention of the parties. *Clarke v. Draper,* 19 N. H., 419, 421; *Bailey v. Smith,* 43 *Id.,* 141, 143; *Townsend v. Hargrave,* 118 Mass., 325, 332; *Phillips v. Moor,* 71 Me., 78; *Dixon v. Yates,* 5 B. & Ad., 313, 340. Although the title passes so as to subject the buyer to the risk of future injury to the property, the right of possession does not pass but is dependent upon the payment of the price. In the absence of any agreement, payment and delivery are to be concurrent acts, and the seller has the right to retain the possession until the price is paid. Upon proof of a readiness to deliver the goods the seller may maintain an action for the price, and upon a tender of the price the buyer may maintain a action for the goods." *Clark v. Greeley,* 62 N. H., 395 and 396.

Applying these principles to the facts its follows that when the defendant's bid for the articles was accepted by the plaintiff the contract of sale was complete—executed—and that the title to the property passed to the defendant and she thereupon became liable for the price.

*C. C. Bitting* for plaintiff.

*T. McCants Stewart* for defendant.