C. M. COOKE *v*. A. N. KEPOIKAI, Treasurer, Territory of Hawaii.

APPEAL FROM ASSESSMENT OF STAMP TAX.

SUBMITTED JANUARY 25, 1904.	DECIDED FEBRUARY 11, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

.The stamp duty, payable under Section 941, Chapter 64, Civil Laws, on account of a deed of conveyance should be assessed on the total amount of the consideration money therein expressed, even though this is stated to be the aggregate amount of several separate bids for distinct lots and blocks and each tract and the amount bid therefor is set out in detail in the deed.

OPINION OF THE COURT BY GALBRAITH, J.

This is an appeal under Section 931, Civil Laws, from the decision of the Treasurer assessing the stamp tax on a deed of conveyance.

The plaintiff as attorney in fact for a mortgagee under a power of sale contained in the mortgage advertised the mortgaged premises and caused them to be sold at public auction. The property is located in the District of Honolulu in a contiguous tract but has been surveyed into lots and blocks. At the sale lots and blocks were offered and sold separately, ranging in price from two hundred dollars to two thousand four hundred dollars, but the plaintiff was the purchaser in each instance. One deed was executed covering all of the property sold and reciting, in part, as follows: "In consideration of the sum of sixty-two thousand three hundred ($62,300.) dollars to them

paid by the Charles M. Cooke, Limited, corporation aforesaid, party of the second part, which said sum of sixty-two thousand three hundred ($62,300.00) dollars, in the aggregate, is the total of the several purchase prices of separate and distinct blocks, lots and tracts of land within said mortgage premises, the respective purchase prices being hereinafter set opposite the description and designation of the blocks, lots and tracts of land so as aforesaid purchased at said sale, receipt of said sum total of sixty-two thousand three hundred ($62,300.00) dollars being hereby acknowledged, do hereby grant, bargain, sell and convey," etc. This deed also gives a detailed description of each tract sold and the purchase price bid for the same.

The plaintiff claims that the stamp tax should be calculated on the separate prices bid for the several lots and blocks as set out in the deed and not on the aggregate amount of the purchases. By the first method the tax would be two hundred and one ($201.00) dollars and by the second three hundred and fifteen ($315.00) dollars.

The assessment was made under the following schedule, as given in Section 941, Chapter 64, C.L.: "Conveyances upon the sale of any property, real or personal, or rights therein, upon the principal or only deed or instrument, when the purchase or consideration money therein expressed shall not exceed $500 .........................................$1.00
And when exceeding $500 and not exceeding $1,000.... 2.00
And when exceeding $1,000 and not exceeding $10,000, or fractional part thereof ...................... 3.00
And when exceeding $10,000 and not exceeding $50,000 for every $1,000 or fractional part thereof ......... 4.00
And when exceeding $50,000 for every $1,000, or fractional part thereof ............................. 5.00"

It is also contended on behalf of the plaintiff that Section 923, C.L., reading, "Every instrument containing distinct matters, or made for more than one consideration, shall be stamped on each matter or consideration," supports his construction of the schedule. It does not appear that this instrument was made for

more than one consideration nor is this view sustained by the decision of this court construing said section, *Minister v. Castle,* 8 Haw. 105.

The cases cited by counsel holding that at public auctions the contract of sale is complete when the successful bidder is declared have been expressly followed by this court. *Morgan v. Betters,* 13 Haw. 685. We still believe that those cases announce the correct rule on that question but do not see how that rule is applicable to this case.

The stamp tax under this schedule is not assessed on the contract of sale but upon the "conveyance upon the sale of any property" and "the purchase or consideration money therein expressed."

The schedule under consideration is plain. There is no ambiguity about it and consequently no room for construction. The purchase or consideration money recited in this deed is sixty-two thousand three hundred ($62,300.00) dollars, and on that amount the tax should be assessed.

The appeal is dismissed. It is so ordered.

*D. H. Case* and *C. F. Clemons,* attorneys for plaintiff.

*L. Andrews,* Attorney-General, for defendant.