## C. M. COOKE *v.* THE TREASURER.

### MOTION FOR REHEARING.

SUBMITTED APRIL 21, 1904.                    DECIDED MAY 14, 1904

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The stamp duty, payable under Sec. 941, C.L., is assessed upon the deed
of conveyance and the consideration therein expressed and not on
the separate considerations for several contracts set out therein.

The assessment is not on the contracts or necessarily on the consider-
ations therefor.

A rehearing is denied.

### OPINION OF THE COURT BY GALBRAITH, J.

The grounds set out in the motion and petition for rehearing,
with an elaboration of detail, not necessary to enumerate, are
that the court in the decision filed in this case, *ante* pp. 409,
410, 411, was in error both as to the facts and the law. It is
also contended that the court overlooked certain points duly sub-
mitted by counsel.

A brief statement of the facts is as follows: The mortgagee
sold a tract of land taking a mortgage for the unpaid purchase
money and upon default in the conditions of the mortgage fore-
closed under a power therein contained by public advertisement
and sale. At the time of the sale the balance due on the purchase
money was $62,300.00 and the land which had been divided
into lots and blocks was sold in separate parcels, the attorney
for the mortgagee buying each tract. The sum of the several
purchases aggregated the amount due under the mortgage. To
effectuate the several contracts of sale and to convey the title to

the land back to the mortgagee one deed of conveyance was executed reciting the total consideration of sixty two thousand and three hundred dollars followed by a recital that this sum was the aggregate of the several purchases and setting out each separate tract and the amount bid therefor.

It is immaterial what the purpose of the conveyancer was in drafting the deed in this form.    There should be no disagreement about the facts.    They are not disputed.    The only question presented is one of law, namely, whether the stamp duty should be calculated on the consideration recited in the deed, or instrument, or on the separate considerations of the several contracts of sale recited therein and going to make up the whole.

It is contended that the "instrument" under consideration "contains distinct matters" and was "made for more than one consideration" and under section 923, C.L., the stamp duty should be assessed upon each matter or consideration separately. In other words that the stamp duty should be assessed upon the separate considerations for the several tracts of land as enumerated in the deed of conveyance.

This contention is not sound for the reason that the stamp duty is not assessed upon the contracts of sale or the considerations therefore (Sec. 941, C.L.) but is assessed upon the instrument, in this instance upon the deed of conveyance, and the consideration therein expressed.

Again the "instrument" in this case does not contain "distinct matters" and was not "made for more than one consideration" within the intent and meaning of section 923 as illustrated by the decision of the court in *Minister v. Castle*, 8 Haw. 105, wherein the "distinct matters" and the "more than one consideration" were a lease, and an executory agreement for the sale of fire wood and the considerations therefor.    If the "distinct matters", as may be contended, refers to the consideration for the instrument and not to the recitals it may contain, then the only consideration expressed in this deed is a money consideration, namely, $62,300.00 and this is "the consideration therein

expressed" and not the several sums therein set out as going to make this aggregate amount.

In this instance the "consideration therein expressed" is not many but one, it is not the two hundred dollars bid for one lot or the five hundred dollars bid for another but the sum of all the bids, the aggregate consideration, namely, sixty two thousand and three hundred dollars. This conclusion cannot be affected by the fact that this consideration is formed by adding together several smaller sums any more than it would be if a part of it were paid in gold coin, and a part in paper currency.

The consideration for each of the contracts of sale recited in the conveyance was the respective sum bid for each tract and for which it was sold and the consideration expressed in the instrument, or deed of conveyance, is the sum of all these, namely, sixty two thousand and three hundred dollars and on this amount the stamp duty should be assessed.

We are reassured by this reexamination that the conclusion announced in the former decision was correct and therefore deny the motion for rehearing.

*C. F. Clemons* and *D. H. Case* for motion.

*L. Andrews, Attorney General,* contra.