# SUPREME COURT—IN BANCO.

## JANUARY TERM—1877.

*Harris, Ch. J., Judd and McCully, J. J.*

His Ex. J. M. KAPENA, MINISTER OF FINANCE, *vs.* BISHOP & Co.,—SUBMISSION OF CONTROVERSY WITHOUT ACTION.

CONSTRUCTION of the Stamp Act of 1876 :—

A Bank Check, whether payable to bearer or order, is not liable to a stamp duty.

A Promissory Note for less than five hundred dollars is not liable to duty.

A Certificate of Deposit, payable on demand, and not being an evasive form of a promissory note, is not liable to duty.

### OPINION OF THE COURT BY HARRIS, C. J.

The parties to this submission ask the judgment of the Court whether, by reason of the Act "relating to Stamp Duties," passed at the last session of the Legislature, and

100

cited as Chapter 40 of the Session Laws of 1876, documents in the following form are required by law to have stamps affixed to them:

[First.]

Honolulu, H. I., Jan. 17, 1877.

Bishop & Co., Bankers, pay to D. Pass de Leon or order five hundred and sixty-nine dollars.

$569.00                    (Signed)                    A. B.

[Second.]

$100.00                    Honolulu, H. I., Jan. 17, 1877.

Two months after date for value received, I promise to pay to the order of G. L., one hundred dollars at the banking house of Bishop & Co., payable in U. S. gold coin or its equivalent.                    (Signed)                    Y. L.

[Third.]

Certificate of Deposit.                    $2000.00

Honolulu, H. I., Jan. 17, 1877.

Bishop & Co., Bankers. Received of J. R., on deposit, two thousand dollars payable to the order of C. B., in silver, on the return of this certificate properly endorsed.

(Signed)          ppro. Bishop & Co.,

No. 4153                    S. M. Damon.

In passing tax bills legislatures are presumed to be careful to include in the schedules all the items upon which they intend a tax to be levied, and to express themselves so clearly that there can be no reasonable doubt as to the articles intended to be taxed. Statutes imposing taxes ought not to be construed so as to include articles or (in this case) instruments not clearly coming within them. For instance, a statute levying a tax on horses would not include mules, and one levying a tax on mules would not include asses.

" In construing a statute, the same rule of construction which is applicable in construing all documents or instru-

The Minister of Finance *v.* Bishop & Co.

ments between private parties has force. A person who makes an instrument and profers it to another makes it what he chooses and must cause it to express distinctly all that he means it to do." See Parsons on Notes and Bills, appendix to the second volume of the Stamp Act of the United States, page 8.

Lord Tenterden says, "Acts of Parliament imposing duties are so to be construed as not to make any instruments liable to them unless manifestly within the intention of the legislature." See Tomkins *vs.* Ashby, 6 Barn. and Cres. 542.

So likewise, Justice Bailey says, "It is a well settled rule of law that every charge upon the subject must be imposed by clear and unambiguous language." See Denn dem. *vs.* Diamond, IV. Barn. and Cres. 245.

And again, Lord Ellenborough says, "And I think that where the subject is to be charged with a duty, the cases in which it is to attach ought to be fairly marked out, and we should give a liberal construction to words of exception, confirming the operation of the duty." See Warrington *vs.* Furber, 8 East 244.

The statute under which it is claimed that the instruments recited above are liable to stamp duty reads as follows :

" Bill of exchange or promissory note for payment of any sum of money otherwise than when payable to bearer at sight or on demand, for the first $500, twenty-five cents; and for every $500 or part of $500 after the first, twenty-five cents."

And it is likewise claimed on the part of the government that if the instruments come under no more special class of papers, they are dutiable as agreements under the item " agreement $1 when divers letters are offered in evidence to prove agreement between the writers, it shall be sufficient to stamp one of such letters."

Upon the last point, the words of any statute are to be taken in their ordinary and usual signification, and although

a promissory note is an agreement to pay money, yet, no one in reading this statute, would consider the word " agreement " as used therein to have such a signification as would include either of the instruments which are the subjects of our consideration.

It is farther said that a check is a bill of exchange, and that " an instrument not coming up to the full requirement of a bill of exchange may be dutiable as a draft or order."

But there are no " drafts or orders " particularized in the statute other than those to which neither of the instruments in question belong, viz: " those drawn in but payable out of this kingdom," nor those " drawn payable out of this kingdom, but endorsed and negotiated within the kingdom," those " drawn out of and payable within this kingdom."

It is true that a check has been asserted to be a bill of exchange; see the cases cited in Harker *vs.* Anderson, 21st Wend., 373, referred to by the Attorney General, and it has been called an Inland Bill. See also Merchants Bank *vs.* Spicer, 6 Wend., 445. By this we apprehend it is merely meant that they are governed by the same rules as bills of exchange, as regards the points then under consideration in the cases cited. But checks are a species of paper of such common · use that if the Legislature had intended to include them they would have mentioned them by their own name. In common language, no one, speaking of a bill of exchange would be understood as meaning a check. See Conroy *vs.* Warren, 3 Johnson's cases referred to by Mr. Dole, counsel for Messrs. Bishop & Co.

If a check on a banker could be holden liable to stamp duty, under this law, then any order to pay money sent to a friend, agent or factor, would be likewise liable to stamp duty. Our opinion, therefore, is that a bank check, whether payable to bearer or order, is not liable to stamp duty.

With regard to a promissory note, it will be observed, that the smallest duty leviable is 25c. The construction placed

upon the law by the Attorney General, in his argument, is, that the words " promissory note " for the " payment of any sum of money "—for the " first five hundred dollars—25 cents," means up to five hundred dollars. If such is the proper construction, then a promissory note for five dollars would be liable to this tax; it may be said, that such a tax is not unreasonable or unprecedented; but it must be admitted that it would be a very large tax on a small transaction; but following the dicta above cited, it cannot be said, that " it is manifestly within the intention of the Legislature " that a promissory note for less than five hundred dollars should be taxed in this way. The " charge has not been imposed by clear and unambiguous language."

We should be obliged to add words, not necessary to make the statute intelligible or grammatical, in order to make it bear the construction, suggested on the part of the government.

The third and only remaining question is whether Certificates of Deposit are liable to stamp duty. If liable at all, they are liable as Promissory Notes. Now Certificates of Deposit have been an ordinary currency in this country for many years, and have constituted a large part of the circulating medium, in order to avoid the waste of time and other inconveniences in counting and transporting large amounts of silver.

We cannot but regard the expressions used by Judge Kent, in the case of Conroy *vs.* Warren, 3 Johnson's Cases, page 264, as very applicable to this case. He is speaking of Checks; and *mutatis mutandis*, the language may be well adapted to the case under our consideration.

The Act is to be taken strictly; none of the expressions of this Act are strictly and technically applicable to Certificates of Deposit. In this country Certificates of Deposit are too frequent and notorious a species of paper to have been omitted by mistake, and it is a rule of construction that

when a statute, and more especially a statute with penalties for neglect, specifies particulars, all other particulars not enumerated are excluded.

Although Certificates of Deposit possess all the requisites of Promissory Notes, may be sued upon as Promissory Notes, and the endorsers are to be held in like manner as in ordinary Promissory Notes and all the rules applicable to Promissory Notes are to be applied, when such certificates are sued upon, yet we cannot but think that if the Legislature had intended to tax them by this law, they would have mentioned them specifically, more especially, considering the manner in which they had been used as currency in this kingdom.

It will be observed that the Certificate of Deposit, now the subject of consideration, sets forth that the money is payable on demand and is in accordance with the form usual among us for many years past.

We do not say how the Court will consider it if the Certificate should set forth that the money was payable some time in the future, and indicated generally that the money was borrowed by the bank or other person with whom it was deposited and that the certificate was merely another form, perhaps an evasive one, of a Promissory Note.

Our judgment is, that the instruments submitted are not liable to stamp duty.

Attorney General Hartwell for the plaintiff.

S. B. Dole for defendants.

Honolulu, March 9th, 1877.