NEIL CAMPBELL, GUARDIAN, ET ALS. *vs.* MANU ET ALS.

ON EXCEPTIONS FROM THE THIRD CIRCUIT.

A SEAL IS NOT ESSENTIAL to the validity of an instrument in writing for the conveyance of land.

Opinion of the Court by McCULLY, J.

From the November Term, 1881, of the Third Judicial Circuit Court upon exception to refusal of the following instruction: "That the instrument under which plaintiffs claim title, purporting to be a deed, is not properly executed to constitute a deed, and plaintiffs cannot recover under it as it contains no seal and, as it purports to be signed, sealed and delivered by Inaina, and nowhere does it appear that it was so sealed."

In Wood *vs.* Ladd *et als.*, 1st Haw. Rep., 17, October Term, 1847, Chief Justice Lee says: " There is no law of this Kingdom making seals necessary to the validity of such instruments (mortgages), and the objection can be urged only on that authority of the laws of other countries  *   *   *   as there is no statute or common law in Hawaii making them necessary. We are of the opinion that no deed could be invalidated for their want."

Upon the high authority of the learned Chief Justice who, to a large extent and so wisely, laid the foundations of our Hawaiian Jurisprudence, and upon the undisturbed acquiescence in this doctrine for more than thirty years we may rest this case, unless it shall appear that subsequent legislation has made a seal requisite to the validity of a deed. But it is agreed that there is still no statute in this Kingdom which requires estates in lands or conveyances to be made by writings under seal. This Court has repeatedly had occasion to say that the common law of England is not in force in this country any further than its reasonings and principles may be adopted by the Courts. Civil Code, Section 823. The King *vs.* Agnee *et al.*, 3d Haw. Rep., 106.

Our Statute of Frauds, Section 1,053, Civil Code, provides that no action shall be brought or maintained upon any contract for the sale of lands unless it shall be in writing and signed. Nothing else is required by statute to make a deed but the signature thereof. At common law, signing as a part of the execution of a deed is unnecessary, but the sealing of deeds was indispensably necessary, in order to their validity, at least after the time of Edward III., 3d Washburn R. P., pp. 270, 271. The elaborate argument of counsel for the defendant is founded on the above doctrine, and would be conclusive if the common law were here in force.

There is good reason, in our view, for not finding the common law binding here in this respect. Chief Justice Lee, in the case cited, felt constrained by the "rank injustice" of

holding that deeds made in the ten years preceding were void for want of seals. We may say that upon that decision, never modified by statute a countless number of deeds have been executed without regard to sealing. The omission to prescribe sealing as a requisite to a conveyance of real estate in the subsequent statute prescribing signing, presumptively dispenses with the seal in this Kingdom, and to hold otherwise, upon the ground simply of the common law doctrine, and contrary to a permitted usage ever since there was individual ownership of land and deeds were made in this Kingdom would be a pernicious instance of judicial legislation.

Exception overruled.

A. S. Hartwell for plaintiff.

E. Preston for defendant.

Honolulu, February 6, 1882.