IN THE MATTER OF THE APPEAL OF GEORGE W. MACFARLANE, RESPECTING STAMP DUTY ON BILL OF SALE OF STEAMSHIP "CHINA."

APPEAL FROM MINISTER OF FINANCE.

SUBMITTED SEPTEMBER 15, 1897.   DECIDED SEPTEMBER 27, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

The stamp duty upon a bill of sale of a ship should be estimated upon the consideration for the sale without respect to the value of the ship.

OPINION OF THE COURT BY FREAR, J.

This is an appeal from an assessment made by the Minister of Finance of a stamp duty of $2,000 upon a bill of sale of the Steamship "China" to the appellant, George W. Macfarlane, this being the duty payable upon a valuation of said steamship of $400,000.   The pleadings, exhibits and testimony in the mandamus suit brought by the appellant against the Collector of Customs, *ante*, are made a part of this case.

The statute (Sec. 3, Ch. 103, Laws of 1892) prescribes that the duty upon a bill of sale of a ship shall be "the same as on a conveyance," and that the duty upon a conveyance shall be $1 "when the purchase or consideration money therein expressed shall not exceed $500." The "consideration money expressed" in the bill of sale in question is five shillings.   Therefore the duty should be $1 and not $2,000 as assessed by the Minister.

The statute (Sec. 7, Ch. 55, Laws of 1876) prescribes that, "All consideration money shall be set out in words at length

in all instruments, and all other considerations affecting the liability of an instrument to duty shall be set out fully." It is shown by evidence that there was no "money consideration" in this case, the "five shillings" not having been paid and having been expressed merely as matter of form. There is no evidence of any "other considerations affecting the liability of the instrument to duty." It is suggested by counsel that the consideration was the trust and confidence reposed in the vendee that he would give a mortgage of the ship to the Pacific Mail Steamship Company at the request of the vendor and a power of attorney authorizing that Company, or its President, Mr. Huntington, to take charge of and manage the vessel. We need not express an opinion as to whether such "trust and confidence" may be regarded a consideration or, if it may be so regarded, whether it was the consideration in this instance. If it was the consideration, still it is not a "consideration affecting the liability of the instrument to duty." For the only considerations, other than money considerations, mentioned in the statute as affecting the liability of an instrument to duty, are of an entirely different kind, as where the consideration for a conveyance or transfer of property consists of goods or lands, in which case the duty is to be calculated upon the market value of the goods or lands (Sec. 19, Ch. 55, Laws of 1876) or where the rental consideration of a lease is based upon a share or percentage of crop, in which case the duty is calculated upon the annual value as determined by the expected yield and the ruling market price. (Sec. 3, Ch. 103, Laws of 1892).

The consideration is to be distinguished both from the thing sold and from the motive for the sale. For the purpose of assessing stamp duties, our statutes do not permit the Minister to inquire into either the motive for executing an instrument or the adequacy of the consideration. The duty is assessable only upon the actual considerations and then only upon such considerations as are mentioned in the statute. The only consideration mentioned in our statute as affecting the stamp duty upon a bill of sale of a ship under the circumstances of the

present case is "the purchase or consideration money therein mentioned," and the stamp duty assessable upon the only consideration mentioned in the bill of sale in question is one dollar.

The appeal is sustained and the stamp duty adjudged to be one dollar.

*A. S. Hartwell* for the appellant.
*H. E. Cooper, contra.*