A. W. VALKENBERG *v.* TREASURER of the Territory of Hawaii.

APPEAL FROM THE ASSESSMENT OF STAMP DUTY MADE BY THE TREASURER.

SUBMITTED MARCH 13, 1902.          DECIDED APRIL 14, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A proxy, or written authority, of a shareholder in a corporation empowering another to vote his stock at a designated meeting, or meetings, of the stockholders of the corporation is not a power of attorney within the intent and meaning of section 941, C. L., and is not subject to the stamp duty imposed by said statute.

OPINION OF THE COURT BY GALBRAITH, J.

The appellant, a shareholder in a Hawaiian corporation, appointed a third party his agent, or proxy, to act and vote for him at a designated meeting of the stockholders of the corporation. The appointment was in writing and in form bore some resemblance to a power of attorney but was not under seal or acknowledged. It was headed "Stockholder's proxy." The Treasurer of the Territory, ruled that this writing was a power of attorney and subject to a stamp duty of $1.00 under Section 941, C. L. The appellant being dissatisfied with this ruling paid the duty and perfected an appeal to this court as provided in Sec. 931, C. L.

This appeal presents for construction one of the provisions of the statute providing for stamp duties on certain written instruments (Chapter 64, C. L.). The first section of this statute reads: "From and after the coming into operation of this Act, there shall be due and payable to the Government in respect of the several deeds, documents, and instruments mentioned and spec-

ified in the schedule hereunder written, the several sums of money for stamp duty set forth in said schedule." (Sec. 918, C. L.)

One item of the schedule, and the one under which the written instrument given by the appellant was taxed, is as follows: "Power of attorney ..............................$1.00" (Sec. 941, C. L.)

"It is a general rule," says Mr. Justice Story, "in the interpretation of all statutes levying taxes or duties upon subjects or citizens not to extend their provisions by implication beyond the clear import of the language used or to enlarge their operation so as to embrace matters not specifically pointed out, although standing upon a close analogy. In every case, therefore, of doubt, such statutes levying taxes or duties are construed most strongly against the Government and in favor of the subject or citizen, because burdens are not to be imposed or presumed to be imposed beyond what the statutes expressly and clearly import." *United States v. Wigglesworth*, 2 Story (U. S.) 369, 373 and 374.

Mr. Justice Agnew speaking for the Supreme Court of Pennsylvania, said: "A tax law (and a stamp act for the purpose of revenue is such) cannot be extended by construction to things not named or described as the subject of taxation." *Boyd v. Hood*, 57 Penn. St. p. 98-101.

Each of the above cases are referred to with approval in Sutherland on Statutory Construction, p. 458.

The same principles have been announced by this court, in construing the statute under consideration as follows. "In passing tax bills legislatures are presumed to be careful to include in the schedules all the items upon which they intend a tax to be levied, and to express themselves so clearly that there can be no reasonable doubt as to the articles intended to be taxed. Statutes imposing taxes ought not to be construed so as to include articles or (in this case) instruments not clearly coming within them. For instance, a statute levying a tax on horses would not include mules, and one levying a tax on mules would not include asses." *The Minister v. Bishop & Co.*, 3 Haw. 793, 794.

There is some resemblance between a power of attorney and a proxy, (possibly as much as between a horse and a mule). Each, when in writing, is the evidence of the authority of the

person named therein to do some specified act or thing for and in the place of the person issuing it. With this likeness the resemblance disappears as distinctly as the similarity between the horse and his meek relation. They differ not only in the object and purpose for which they are given but in the formality of their execution. The one is usually executed with the same formality as a deed and the other is not. This difference is well understood in the business community. No business man of ordinary intelligence would speak of giving a proxy to authorize another to convey his land. Nor would he think of giving a power of attorney to authorize one to vote his stock in a corporation meeting. The members of the legislature that enacted this statute are presumed to have been men of ordinary intelligence and to have known the well understood difference between a proxy and power of attorney. That a proxy was not named in the schedule by specific and clear language must be taken as conclusive evidence of the intention of the legislature not to include such instrument among the subjects of taxation. Any other conclusion would be extending the provisions of the statute by implication beyond the clear import of the language used and enlarging their operation, on the theory of analogy, so as to embrace matters not specifically pointed out and a construction of the statute most strongly against the citizen in direct violation of the rules of interpretation herein before cited.

We conclude that the proxy or instrument submitted was not subject to the stamp duty collected by the Treasurer.

Let judgment be entered accordingly.

*Smith & Lewis* for appellant.

*E. P. Dole*, Attorney-General, for the Treasurer.

### CONCURRING OPINION OF FREAR, C.J.

There is no doubt that, technically speaking, a proxy is a power of attorney, as it is a written authority to one to act in the place of another; and for this reason my first impression was that it would have to be stamped under the statute. But upon reflection I have come to a different conclusion.

The question is not merely whether a proxy is a power of attorney, but whether the legislature intended it to be taxed under that head. The statute must be construed strictly and not made to cover objects not clearly within the intention of the legislature. It seems to me that proxies are of such common use and so universally considered as constituting a class by themselves, as well as known by a special name, that the legislature would have shown clearly that it meant to tax them if it really did mean to. This line of reasoning was adopted in *Minister of Finance v. Bishop & Co.*, 3 Haw. 793, in a case so analoguous to this as to make it almost an authority in the present case. In that case it was held that neither promissory notes, checks nor certificates of deposit were "agreements" within the meaning of the stamp act, although they all were agreements technically speaking; also that a check was not a "bill of exchange" within the meaning of that act, though it was technically a bill of exchange; and that a certificate of deposit was not a "promissory note" under the statute, although it was governed by the rules applicable to promissory notes. The court said:

"The words of any statute are to be taken in their ordinary and usual signification, and although a promissory note is an agreement to pay money, yet, no one in reading this statute, would consider the word 'agreement' as used therein to have such a signification as would include either of the instruments which are the subjects of our consideration. * * *

"It is true that a check has been asserted to be a bill of exchange. * * * But checks are a species of paper of such common use that if the legislature had intended to include them they would have mentioned them by their name. In common language, no one, speaking of a bill of exchange would be understood as meaning a check. * * *

"The Act is to be taken strictly; none of the expressions of this Act are strictly and technically applicable to certificates of deposit. In this country certificates of deposit are too frequent and notorious a species of paper to have been omitted by mistake, and it is a rule of construction that when a statute, and more especially a statute with penalties for neglect, specifies particulars, all other particulars not enumerated are excluded.

"Although certificates of deposit possess all the requisites of

promissory notes, and the endorsers are to be held in like manner as in ordinary promissory notes and all the rules applicable to promissory notes are to be applied, when such certificates are sued upon, yet we cannot but think that if the legislature had intended to tax them by this law, they would have mentioned them specifically, more especially, considering the manner in which they had been used as currency in this kingdom."

The fact that, notwithstanding the frequent use of proxies in these islands with their great number of corporations with widely scattered stock, no one, so far as we are aware, has ever thought of stamping proxies during the quarter of a century during which the stamp act has been in force, until the separate provision for stamps on proxies in the federal stamp act recently suggested the question, not only shows the common understanding that proxies stand in a class by themselves but also supports the view that the legislature did not intend that they should be taxed.

We cannot get much assistance from authorities elsewhere on this point. In England the statute was much more explicit: "Letter or power of attorney made by any petty officer, seaman, marine, or soldier serving as a marine, or by executors or administrators of any such person for receiving prize money, 1s." "And for receiving wages, 1l." "Letter of attorney for the sale, transfer, acceptance or receipt of dividends of any government or parliamentary stocks or funds, 1l. 10s." "Letter or power of attorney of any other kind, or commission or factory in the nature thereof, and every deed or other instrument of procuration, 1l, 10s." In *Monmouthshire Canal Co. v. Kendall*, 4 Barn. & Ald. 453, the question arose whether under this statute a proxy had to be stamped, but the court found it unnecessary to pass upon it. Counsel argued that "at all events it is an instrument of procuration," if not a letter of attorney, for "the very word proxy, which is an abbreviation of the word procuracy, shews this." But in *The Queen v. Kelk*, 12 Ad. & Ell. 559, the question was passed upon. The proxy was held to be "either a letter of attorney or an instrument of procuration." When we consider the particularity of the first two clauses of the statute

and then the sweeping nature of the last clause, we can readily see how the court could come to that conclusion without militating against the reasoning adopted in the case in the 3rd. Hawaiian above cited.

### DISSENTING OPINION OF PERRY, J.

This is an appeal from a ruling of the Treasurer to the effect that a certain instrument is subject to stamp duty under Section 918 and that portion of the schedule in Section 941, Chapter 64, of the Civil Laws, which reads, "Power of Attorney, $1.00." The instrument referred to is in the following language:

"Stockholders' Proxy.

"Know all men by these presents, that I, A. W. Van Valkenberg, do hereby constitute and appoint E. E. Paxton for me and in my name, place and stead, to vote as my proxy at any ordinary, extraordinary or general meeting of the stockholders of The B. F. Dillingham Company, Ltd., an Hawaiian corporation, held subsequent to this date or at any adjournment thereof (until this proxy has been revoked), and upon any question which may be brought before such meetings, including the election of directors, according to the number of votes I should be entitled to vote if then personally present.

"In Witness Whereof, I have hereunto set my hand this 8th day of March, A. D. 1902.

(Signed)　"A. W. Van Valkenberg."

A power of attorney is "an instrument authorizing a person to act as the agent or attorney of the person granting it."—2 Bouvier 714.—"A letter or power of attorney is constantly spoken of as the formal instrument by which an agency is created."—*Ib.* 116. "The right on the part of the agent to act in the name or on behalf of another is termed his authority or power to act, and this, if conferred formally by an instrument in writing and under seal, is said to be conferred by a letter of attorney or power of attorney."—1 Am. & Eng. Encycl. Law, 2nd ed., 938. In this Territory, a power of attorney need not be under seal. Even in the case of a deed of land, a seal is not essential to validity. *Wood v. Ladd*, 1 Haw. 23; *Campbell v.*

*Manu*, 4 Haw. 459. So, also, acknowledgment or lack of acknowledgment does not determine the character of the writing. The instrument in the case at bar is clearly a power of attorney and therefore within the letter of the statute.

It is contended, however, that, in the popular mind, proxies stand in a class by themselves and are never known as powers of attorney and that therefore the legislature, having failed to include proxies by name, must be presumed to have intended other powers of attorney only, or, at least, that the matter is one involved in some doubt and that consequently the statute must be construed in favor of the taxpayer.

The general principles applicable in the construction of doubtful tax statutes are undoubtedly stated correctly in the prevailing opinions. Nevertheless, it seems to me that under the facts of this case the taxpayer should not prevail. The general question of the taxability of any or all proxies is not now before us; the only question presented by the appeal is whether the particular instrument above set forth is subject to the tax. I take it that it is recognized by the business community and by laymen in general as well as by lawyers that the authority to vote stock at all future meetings of a designated corporation may be delegated or conferred by a formal power of attorney as well as by the informal instrument known as a proxy. The distinction here sought to be drawn is recognized in the U. S. war tax Act of June, 1898, in its provision imposing a tax on, "Power of attorney or proxy for voting" at corporation elections. Vol. 30, Statutes at Large, p. 462. The instrument under consideration is a formal power of attorney, using that term even in the sense in which, as I believe, it is understood by laymen. That it may also be called a proxy cannot, under the circumstances, affect the result. Assuming, then, for the purposes of this case, that under the title, "power of attorney," the legislature intended to tax only those instruments which are understood by laymen to be powers of attorney, the instrument in question is a power of attorney within the meaning of the statute.

In *The Queen v. Kelk*, 12 Ad. & El. 559, a proxy was held

to be "either a letter of attorney or an instrument of procuration." That case is sought to be distinguished on the ground that in England the statute was more explicit. The language of that statute (it is set forth in the opinion of the Chief Justice in this case) is not broader, however, than the simple title contained in ours, "Power of Attorney." The court said: "As therefore, Mr. Burnaby was by the instrument in question substituted for the proprietors signing, and appointed to act for them, we do not see how it is possible to deny that the writing by which he was so appointed is either a letter of attorney or an instrument of procuration." The case goes perhaps further than it is necessary to go in the present case and would seem to be an authority in support of the view that any proxy would be a power of attorney within the meaning of our statute.