## PACIFIC SUGAR MILL *v.* THOMAS G. THRUM.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 15, 1903.        DECIDED AUGUST 3, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A deed therein expressed to be for one dollar and other valuable consideration but which was in fact for a consideration of one hundred dollars, cannot legally be refused registry by the Registrar of Conveyances on the ground that not all the consideration money was therein set forth.

## OPINION OF THE COURT BY PERRY, J.

Mandamus to compel the respondent as Registrar of Conveyances to register two certain deeds. The petition shows that in each deed the consideration is stated to be "one dollar and other valuable consideration," that in fact the consideration for one of the deeds was the sum of forty dollars and that for the other one hundred dollars, and that the refusal of the Registrar to register was based on the fact that the consideration was incorrectly stated in each deed.

The schedule (C. L. Sec. 941) of the act relating to stamp duties contains the following item: "Conveyance upon the sale of any property, real or personal, or rights therein, upon the principal or only deed or instrument, when the purchase or consideration money therein expressed shall not exceed $500, $1.00," and prescribes the rate of stamp duty to be paid in cases where the consideration exceeds $500. Section 924 of the same act provides, "All consideration money shall be set out in words at length in all instruments, and all other considerations affecting the liability of an instrument to duty shall be set out fully." Does the failure to set out correctly the amount of the consideration, when, as in the case at bar, the variance between the real and the stated consideration does not affect the liability of the instrument to duty but is wholly immaterial in that respect, justify the Registrar in refusing to record the instrument? In our opinion, it does not. The object of the act is to secure revenue for the government and that of section 924 and other similar provisions is to enable the proper officers to obtain all of the revenue due and payable under the schedule. An examination of the act as a whole shows this and so does the sentence in Sec. 924, "and all *other* considerations *affecting the liability of an instrument to duty* shall be set out fully."

The only provision of the statute by way of penalty or prohibition material in this connection is that expressed in Section 927. "No instrument requiring to be stamped shall be recorded

by the Registrar of Conveyances, * * * unless the same shall be properly stamped." Even if the words "therein expressed" in Sec. 941 are to be understood as meaning "therein expressed as directed in Sec. 924," the amount of the duty as so ascertained remains the same in this case and the instruments are properly stamped in accordance with the requirements of Sec. 941 if a stamp of one dollar is affixed to each. If the variance instead of being $39 or $99 was fifty cents or one dollar and both amounts within the $500 limit, must the intent of the Legislature be held to have been to withhold from such an instrument the right of registry? We think not. Such differences are not of the essence of the matter but are wholly immaterial.

The order sustaining the demurrer and dismissing the application is reversed and the case remanded to the Circuit Judge for such further proceedings, not inconsistent with this opinion, as may be proper.

C. W. Ashford for petitioner.

P. L. Weaver, Assistant Attorney-General for respondent.