ALBERT TRASK *v.* CHARLES H. MERRIAM, REGISTRAR OF CONVEYANCES.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 5, 1906.     DECIDED NOVEMBER 14, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

MANDAMUS—*to record deed.*

> Mandamus lies against the registrar of conveyances to record a deed in the Hawaiian language in which the expressed consideration is $25 and on which a $1 stamp has been placed and properly cancelled when it does not appear that the actual consideration is different. An English translation of the deed is not necessary to be attached to the pleadings in this case.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by the registrar of conveyances from a peremptory writ of mandamus directing him to record a deed conveying certain interests in land for the consideration of $25. The registrar refused to record the deed because he was not satisfied that the consideration of $25 expressed in the deed was the actual consideration paid.

Section 2360, R. L., provides that "it shall not be lawful to record any conveyance or other instrument required by law to be stamped unless the same shall have been previously stamped as provided in chapter 101."

Section 1303, R. L., provides that "No instrument requiring to be stamped shall be recorded by the registrar of conveyances * * unless the same shall be properly stamped."

The stamp duty upon a conveyance "when the purchase or consideration money therein expressed shall not exceed $500" is $1. R. L., Sec. 1320. A $1 stamp properly cancelled was on this deed when tendered for registration.

Section 1310, R. L., reads as follows: "All consideration money shall be set out in words at length in all instruments, and all other considerations affecting the liability of an instrument to duty shall be set out fully."

The appellant contends that the consideration "therein expressed" must be the actual consideration paid. That contention is immaterial in this case, because it does not appear that the $25 consideration expressed in the deed was not the actual consideration paid. The return alleges that the registrar does not know whether in fact that was the only consideration, and in the absence of an issue of fact on this point there appears to be no reason why the deed should not be recorded. It appears that the consideration money was set out in words at length, and it does not appear that there was any other consideration affecting the amount of stamp duty which was not set out fully.

In *Macfarlane v. Minister*, 11 Haw. 180, which was an appeal from an assessment of stamp duty by the minister of finance, this court said: "For the purpose of assessing stamp duties

our statutes do not permit the minister to inquire into either the motive for executing an instrument or the adequacy of the con sideration. The duty is assessable only upon the actual considerations and then only upon such considerations as are mentioned in the statute."

In *Pacific Sugar Mill v. Thrum,* 15 Haw. 135, it was held that the failure to set out correctly the amount of the consideration when the stamp duty was not changed by the difference between the real and the stated consideration did not justify the registrar in refusing to record the deeds in question.

In the case at bar it does not appear that the real consideration, if stated, would have required a stamp duty of more than $1. A doubt as to the adequacy of the consideration affords no justification for refusing to record the deed.

It is also contended that mandamus does not lie against the registrar of conveyances because under the statutes (R. L., Secs. 1306-1309) the amount of duty shall be assessed and the stamp affixed by the registrar of public accounts or in case of doubt by the treasurer, particularly in view of the fact that in this case the relator attempted to procure the assessment and affixing by those officers. This contention is without merit for the reason that those sections have no application to a case of this kind.

Objection is also made to the lack of an English translation of the deed, an exact copy of which in Hawaiian was attached as an exhibit to the pleadings. This objection is overruled because the instrument is sought to be recorded in the Hawaiian language. In any event enough of the deed is set out in English for the purposes of the case.

The judgment appealed from is affirmed.

*A. Perry* for the relator.

*E. C. Peters, Attorney General,* for the registrar.