IN THE MATTER OF THE ASSESSMENT OF STAMP DUTY ON DEEDS TO ROBERT LOVE ESTATE, LIMITED.

APPEAL FROM TREASURER.

ARGUED JUNE 12, 1908.                    DECIDED JULY 1, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

INTERNAL REVENUE—stamp duty—conveyance in consideration of corporate shares.

A conveyance from certain persons to a corporation organized by themselves in consideration of shares of stock of the corporation is chargeable with stamp duty under R. L. Sec. 1315.

OPINION OF THE COURT BY WILDER, J.

This is an appeal from a decision of the Treasurer assessing stamp duty on three conveyances to Robert Love Estate, Limited.

In re Robert Love Estate, 19 Haw. 154.

The grantors in the first deed are Alice Love Hoogs, William A. Love, James H. Love, Lily Love Cooke, Walter C. Love and Stella Love Patterson, the heirs of Robert Love, deceased, the consideration being "one dollar and the delivery of an equal portion of the shares of the Robert Love Estate, Limited." The Robert Love Estate, Limited, was incorporated to take over the property and conduct the business of Robert Love, deceased, theretofore carried on by his widow and children. The treasurer assessed a stamp duty of $266 on the deed, being $1 on the money consideration named and $265 on the shares mentioned. It is conceded that the shares were properly valued. The appellants claim that the stamp duty should be $1.

If this deed is required to be stamped at all in addition to the $1 on the money consideration, it is under Sec. 1315 of the Revised Laws which provides that "When the consideration for any conveyance or other transfer of property consists of goods or lands, the duty shall be calculated upon the market value of such goods or lands, to be ascertained in such manner as the treasurer may direct." The question is whether shares in a corporation are "goods."

Shares of stock in a corporation are by our statute personal property. R. L. Sec. 2553.

The word "goods" is one of large signification and has an extensive meaning, particularly so when, as in the statute referred to, it is contrasted with "lands."

"The term 'goods' when used in contradistinction to 'real estate' would doubtless include all kinds of personal property, and even bills, notes, certificates of stock, etc." *Curtis v. Phillips,* 5 Mich. 112, 113.

In the United States, though not in England, it is generally held that shares of stock in a corporation are within the meaning of "goods, wares and merchandise" in the statute of frauds. 20 Cyc. 244. The argument that the statute of frauds by necessary implication applies only to goods of which part may be

delivered was not considered sound by Chief Justice Shaw in *Tisdale v. Harris*, 20 Pick. 9. An animal is not susceptible of part delivery, and yet undoubtedly the sale of a horse by parol is within the statute. But, however it may be with regard to "goods, wares and merchandise" in the statute of frauds, we think that under the broader expression in our stamp statute shares of stock are included in "goods." No reason appears from the face of the statute why conveyances in which the consideration is one kind of personal property should be chargeable with stamp duty while exempt from stamp duty if the consideration is another kind of personal property.

We cannot sustain the contention of appellants that the case of *In re Macfarlane*, 11 Haw. 179, settled the matter in their favor. All that was decided there on the point in question, if anything, was that a consideration of "trust and confidence" was not goods or lands, and consequently did not affect the amount of stamp duty in that case.

We have not overlooked the fact that this statute must be strictly construed, as held in *Kapena v. Bishop*, 3 Haw. 793, and *Valkenberg v. Treasurer*, 14 Haw. 182.

The case of *Knight v. Barber*, 16 M. & W. 66, held that a contract for the sale of railway scrip was not a contract for the sale of goods within the English stamp act. The expression in that statute was "goods, wares or merchandise," however, and not, as in ours, "goods or lands."

It is also contended by appellants that this instrument is not liable to stamp duty because there has been no sale and no new property created, but simply a transfer of ownership from persons as individuals to themselves as a corporation. This contention is immaterial, as the instrument is liable to duty under the statute as a conveyance of property whether there has been a technical sale or not. A similar transaction, however, in *John Foster & Sons v. Commissioners of Inland Reve-*

*nue,* (1894) 1 Q. B. 516, where the matter was fully discussed, was held to be a sale.

The next instrument is a deed from Fanny Love, the widow, to the Robert Love Estate, Limited, the consideration being one dollar and an agreement on the part of the grantee to pay the grantor for life one-third of its net income. This was held by the treasurer to require a stamp duty of $2, $1 on the money consideration and $1 on the executory agreement. This was correct. *Minister of Finance v. Castle,* 8 Haw. 105.

The third instrument is a conveyance from the children and widow of Robert Love to the Robert Love Estate, Limited, ot the "property, business, good-will, accounts, choses in action, and every other form of property of the bakery carried on by said estate * * * known as 'Love's Bakery,'" the consideration being "one dollar and the issue of an equal number of shares of the Robert Love Estate, Limited." On this instrument the treasurer assessed a stamp duty of $7, being $1 on the money consideration and $6 on the stock consideration. This is covered by the ruling as to the first instrument.

The decision of the treasurer is affirmed.

*D. L. Withington* (*Castle & Withington* on the brief,) for appellants.

*W. L. Whitney, Deputy Attorney General,* (*C. R. Hemenway, Attorney General,* also on the brief,) for the treasurer.

