ALLIED AMUSEMENTS, LIMITED, A HAWAIIAN
CORPORATION, *v.* JAMES W. GLOVER, LIMIT-
ED, A HAWAIIAN CORPORATION, AND CO-
LUMBIA CASUALTY COMPANY, A CORPORA-
TION.

NO. 2899.

ARGUED NOVEMBER 14, 1952.    DECIDED APRIL 22, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action in which all the parties are corpora-
tions. The action is on a bond to recover damages in the
sum of $38,859.13 for the obligor's breach of a certain
building contract between the obligor as contractor and
the obligee as owner. It is brought by the obligee, the

plaintiff, against the obligor and the surety, the defendants, who by the terms of the bond under the corporate seal of each obligated themselves to pay the obligee a certain sum of money, conditioned on the obligor's faithful performance of its contract with the obligee, the condition being that, if the obligor so performs, "the obligation to be void; otherwise to remain in full force and virtue." The parties to the action went to trial before a jury which by verdict found for the defendants. By mesne proceedings an amended judgment was entered against the plaintiff and in favor of the defendants for their costs, including an attorney's fee in the sum of $706.73 as a statutory fee which "in all actions of assumpsit * * * shall be taxed" as provided by section 9754 of the Revised Laws of Hawaii 1945.

The plaintiff's specification of alleged errors challenges the amended judgment in taxing the statutory fee and the applicability of the provisions of section 9754, *supra,* to this case. It does so on the alleged ground that the form of the instant action is not that of assumpsit but rather that of covenant because it is supported by a bond under seal. It bases that ground upon the common-law doctrine distinguishing between sealed and unsealed instruments and designating covenant as the form of action to recover damages for breach of a contract under seal or of a covenant in a bond under seal. Admittedly, no statute in this jurisdiction so distinguishes or designates. The paramount question, therefore, and the only one meriting consideration, is whether that common-law doctrine is the law of this Territory.

As early as the year 1847 Chief Justice Lee of the supreme court of the Hawaiian Islands said in *Wood* v. *Ladd, et als.,* 1 Haw. 23 at page 27, that "there is no law of this Kingdom making seals necessary to the validity of

such instruments [mortgages] and the objection can be urged only on the authority of the laws of other countries * * * as there is no statute or common law in Hawaii making [seals] necessary." Chief Justice Lee, who "to a large extent and so wisely, laid the foundations of our Hawaiian Jurisprudence" (*Neil Campbell, Guardian, et al.* v. *Manu, et al.,* 4 Haw. 459, 460) then rejected "the technical [common-law] rules of England and the United States" requiring mortgages to be under seal and defining them as sealed instruments. (*Wood* v. *Ladd, et als., supra.*) In 1882 the supreme court of the Hawaiian Islands, in *Neil Campbell, Guardian, et al.* v. *Manu, supra,* did likewise with respect to deeds and said that "* * * to hold otherwise, upon the ground simply of the common law doctrine, and contrary to a permitted usage ever since there was individual ownership of land and deeds were made in this Kingdom, would be a pernicious instance of judicial legislation." In 1886 Chief Justice Judd did likewise with respect to bonds. He said that "the common law is not in force in this Kingdom any further than its reasonings and principles have been adopted" and pointed out that "the distinction between sealed and unsealed instruments is not preserved in our code and I know of no reason why an obligation [bond] should be defeated because the artificial and formal act of affixing a wafer or making a scroll after the names of the obligors has been omitted." (*In re Congdon,* 6 Haw. 633, 635.)

These early Hawaiian cases and the judicial pronouncements therein are authority for the proposition that the strict common-law rules as to sealed instruments in contradistinction to unsealed instruments were not accepted by the courts as applicable in Hawaii. Nor were the reasons and principles of the common law for those rules adopted in Hawaii. On the contrary, seals as the determin-

ative factor of difference were regarded as "mere matters of form at the best [which] never partake of the essence and substance of the agreement" or of the remedy. (*Wood v. Ladd, et als.,* 1 Haw. 23, 27, *supra.*) This early adherence to substance rather than to form as the law of Hawaii in derogation of the common law persists to the present day. Indeed, it has been perpetuated by the legislature.

In 1892 the legislature first declared, and has since redeclared from time to time that "The common law of England, as ascertained by English and American decisions," is "the common law of [Hawaii] except as otherwise expressly provided by [Constitution or laws] or fixed by Hawaiian judicial precedent, or established by Hawaiian usage." (L. 1892, c. 57, § 5; am. L. 1903, c. 32, § 2; R. L. 1925, § 1; R. L. 1935, § 1; R. L. H. 1945, § 1.) It thereby recognizes the fact that the common law of England before 1892 had been rejected in part and qualified in part by the courts or as "fixed by Hawaiian judicial precedent," which it sanctions as law by adopting only the remainder as the common law of Hawaii.

Under the law as fixed by Hawaiian judicial precedent, seals lost the significance, importance and effect which they had at common law when affixed to instruments. But this does not mean that the fundamental rules of substantive law underlying a common-law action of covenant have been changed. It merely means that covenant is rendered obsolete as between two forms of action *ex contractu* to recover damages, and assumpsit made current as the other where the supporting contract is essentially the same but for the difference of seal. In this jurisdiction, therefore, assumpsit rather than covenant lies for recovery of damages in breach of a contract, whether it be under or not under seal. To that extent the common law, in distinguishing between sealed and un-

sealed instruments and in designating covenant as the form of action to recover damages for breach of a contract under seal, has no force in Hawaii and is not the law of the Territory. The question as presented is answered in the negative.

Amended judgment affirmed.

*H. Edmondson* (also on the briefs) for plaintiff in error.

*W. F. Quinn* (*Robertson, Castle & Anthony* with him on the brief) for defendants in error.