Carol Lee **CHAPMAN**, Plaintiff,

v.

**FIRST INSURANCE COMPANY OF HAWAII, Ltd.**, Defendant.

Civ. No. 2069.

United States District Court
D. Hawaii.

June 23, 1966.

---

Frank D. Padgett, Robertson, Castle & Anthony, Honolulu, Hawaii, for defendant.

## RULING ON PLAINTIFF'S MOTION FOR REVIEW OF DEFENDANT'S BILL OF COSTS

PENCE, Chief Judge.

Plaintiff has moved this court to review the taxation of costs heretofore made by the clerk of the court on March 3, 1966, and to re-tax or strike out the following items:

Martin Anderson, Anderson, Wrenn & Jenks, Honolulu, Hawaii, for plaintiff.

1. Fees of the court reporter for all or any part of the transcript necessarily obtained for use in this case — $2,457.35
2. Fees and disbursements for printing — 375.83
3. Costs incident to taking of depositions — 209.27
4. Statutory attorney's commissions, R.L.H.1955, Section 219–14 — 3,122.50

This being a diversity action, this court has the power to act under Rule 54(d), Hawaii Rules of Civil Procedure, Rule 25 of the U. S. Court of Appeals for the Ninth Circuit, and 28 U.S.C. § 1920.

### 1. Transcript

■ The affidavits of the two reporters, attached to plaintiff's motion, establish the transcript of record was ordered after trial, for use on appeal. The affidavits also show that the defendant's counsel ordered three copies of the transcript in addition to the original, and that the cost of the entire original transcript was $1,156.35. Paragraph 3 of Rule 25, supra, states:

"In cases of reversal of any judgment or decree in this court costs shall be allowed the appellant, including the cost of the transcript from the court below, unless otherwise ordered by the court."

The rule allows the taxing of costs of the original transcript but not copies. The inclusion of any amount in excess of $1,156.35 in the Bill of Costs is in error.

The fees of the court reporters for the transcript are re-taxed at $1,156.35.

### 2. Fees and disbursements for printing

■ Paragraph 5 of Rule 25, supra, states:

"The cost of printing briefs, motions and petitions is not a taxable item."

The inclusion of this item in the Bill of Costs is not allowed, and the same is stricken.

### 3. Costs incident to taking of depositions

■ Whether or not depositions may be taxed as costs is primarily within the discretion of the court.[1] In the instant case, the depositions of Charles Edward Brown, Edith L. Brown, Helen Chase and Vernon Parker were read into the record during trial. The deposition of Frank W. Clay was used for cross-examination on material points and issues. The court therefore allows as costs instant to taking of depositions the sum of $209.27.

1. 3 Barron & Holtzoff, Federal Practice and Procedure, 55–61.

### 4. Statutory attorney's commissions

Section 219–14 under R.L.H.1955 provides: ·

"In all the courts, in all actions of assumpsit there·shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, ten per cent on all sums to $100, and two and one-half per cent in addition on all sums over $100, to be computed on the excess over $100. The above fees shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment."

Plaintiff has conceded that this provision should be applied in this diversity action if it is one in assumpsit.[2]

■■ Plaintiff contends that the action did not sound in assumpsit and that Section 219–14 has no application. Assumpsit is an action of equitable character founded upon contract. In order to support an action of assumpsit there must be a contract, express or implied in law, between parties to the action, and the Hawaii courts have so interpreted actions of assumpsit as also to include *indebitatus assumpsit* as being within the purview of the statute, Section 219–14.[3]

It is urged by the plaintiff that the "present suit * * * was instituted on the basis of several alternative theories of recovery, none of which theories urged a direct contractual relationship between plaintiff and defendant." Unfortunately for plaintiff's position, however, the appellate court does not agree with the plaintiff:

"At the outset we must bear in mind appellee's [plaintiff's] standing and basis for suit: She is suing *under the policy* and is not claiming to assert (on behalf of Mrs. Brown and Mrs. Chase) that appellant was guilty of wrongful, injurious conduct for which recovery should be had, independent of the policy." (Italicized in original.) 355 F.2d 49, 52 (9th Cir. 1965)

Plaintiff's cause of action upon which she was given judgment against the defendant insurance company in this trial was based upon Condition 6 and Insurance Agreements Coverage A of defendant's insurance contract with its insureds Brown and Chase.[4]

■ It is clear from the wording of the contract of insurance that plaintiff's rights against the defendant insurance company are rights given her by virtue of the insuring contract. This suit is thus an action *ex contractu*. This is so even though there was not a direct contractual relationship between the plaintiff and the defendant in the normal sense. The claimed contractual relationship upon which plaintiff sued, arose after judgment was rendered against the defendant's insureds—Chase and Brown. On the question of the right of a third person to maintain assumpsit upon a contract which may inure to her benefit but

2. Barkhorn v. Adlib Associates, Inc., 225 F.Supp. 474 (D.C.Haw.1964); Stokes v. Reeves, 245 F.2d 700 (9th Cir. 1957).

3. 4 Cyclopedia of Law and Procedure 320–321.
   Braham v. Honolulu Amusement Co., 21 Haw. 583; Harrison v. Magoon, 13 Haw. 339; Merrill v. Lenehan, 4 Haw. 670; Osorio v. Waterhouse Trust Co., Ltd., 29 Haw. 376; Allied Amusements v. Glover, 40 Haw. 92.

4. "Conditions * * * 6. *Action Against Company—Coverage A*. No action shall lie against the company * * * until the amount of the insured's obligation to pay shall have been finally determined * * * by judgment against the insured after actual trial * * *. Any person * * * who has secured such judgment * * * shall thereafter be entitled to recover *under this policy* to the extent of the insurance afforded by this policy. * * *" (Emphasis added.)
   "Insuring Agreements 1. *Coverage A—Liability*. [The defendant insurance company agrees with the insured] to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person * * *" from causes insured against, including "products hazards."

to which she is not a party, under American authority privity of contract is not required. A third person may enforce such a contract made by others if, as here, it is manifest from the terms of the contract that the parties intended to treat a judgment creditor of the insureds as a person primarily interested in the fulfillment of the contractual obligations of the insuring company.[5]

Admittedly this was an action in equity, but the assistance of equity was sought in order to establish plaintiff's right to recover under the policy, i. e., in order to estop defendant from denying its liability to the plaintiff in accordance with its contractual obligation set forth in Condition 6, supra.

What the plaintiff sought was to recover money to which she claimed she was entitled under the insurance contract by virtue of her judgment against insureds Chase and Brown. The action lies in assumpsit and thus Section 219–14, R.L.H.1955, is applicable to the instant action. The defendant is allowed the statutory attorneys' commissions, as costs, in the sum of $3,122.50.

The defendant's Bill of Costs as amended is allowed.