THE TOWN OF FIFIELD vs. SWEENEY.

*January 13 — February 3, 1885.*

*Action, tort or contract? — Pleading — Joinder of causes of action.*

A complaint charged, in two counts, overpayments upon false and fraudulent accounts for work performed, and, in a third, payment by mistake of the aggregate of the sums mentioned in the first two counts. *Held*, that the action was upon contract, for money had and received, and that there was no misjoinder of causes of action.

APPEAL from the Circuit Court for *Price* County.

The complaint alleges in substance:

1. That the plaintiff is a duly organized town, etc.

The Town of Fifield vs. Sweeney.

2. That the defendant furnished four teams which were employed upon the highways, in the plaintiff town under a contract with the town board by which he was to receive $3 per day for each team so employed; that such teams worked in the aggregate 232 days; that the defendant falsely and fraudulently represented, by false statements of account and bills rendered, that his said teams had worked in the aggregate 265 days; that he knew such statements to be false and that he made them for the purpose of deceiving the town officers; that said officers believing such false representations and by reason thereof paid the defendant for thirty-three days in excess of time actually worked by his teams; that town orders were issued for said team work and paid by the town treasurer before the error was discovered; and that the plaintiff has sustained damages herein in the sum of $99 and interest.

3. As a separate cause of action, false and fraudulent representations, similar to those mentioned in the second paragraph, in relation to the teamsters employed by the defendant in such work upon the highways, by reason of which the plaintiff overpaid to the defendant $397.50; that town orders were issued for said teamsters' labor and paid by the treasurer, and that the plaintiff has sustained damage by reason thereof in the sum of $397.50 and interest.

4. That the defendant by his teams performed labor for the plaintiff upon its highways, which was reasonably worth $696, which sum was duly agreed upon as full compensation for said labor; that the defendant received and collected, or was otherwise possessed of, from the plaintiff for said labor, the sum of $1,192; that the plaintiff, by mistake, overpaid the defendant the sum of $496.50, which said sum was erroneously and inadvertently paid, in excess of the amount due the defendant; and that said sum is now due from defendant to the plaintiff.

5. That prior to the commencement of this action the

plaintiff duly demanded the return of said sum, $496.50, and that the defendant refused and still refuses to pay the same or any part thereof.

The defendant demurred to the complaint generally and on the ground that several causes of action were improperly united, and appealed from an order overruling the demurrer.

The cause was submitted for the appellant on the brief of *Packard & Felch*, and for the respondent on the brief of *J. K. Parish*.

ORTON, J. This is an appeal from an order overruling a demurrer to the complaint, which stated, as causes, (1) that the complaint "does not state facts sufficient to constitute a cause of action," and (2) "that several causes of action are improperly united therein."

There are, substantially, three counts in the complaint. The first is the overpayment of $99 upon a false and fraudulent account for the work of the defendant's teams upon the highways of the town; the second is the overpayment of $397.50 upon a false and fraudulent account for the work of the defendant's employees upon said highways; and the third is these two sums aggregated, charged to have been paid by the town by *mistake*. It is too clear for question that a good cause of action is stated in the complaint.

It is contended that this last count states a different cause of action from the first two, because it is upon contract for money paid, or had and received, while the others are in tort. There is nothing inconsistent in these counts, because money paid upon false and fraudulent accounts is money paid by the town by a mistake of fact. If the town had known of the fraud, it would not have paid the overcharges. The complaint is for money had and received, and it would have been sufficient if, in short form, it had so alleged, without setting out the facts of fraud and mistake upon which the contract to repay or return the money is implied.

The whole complaint goes upon the implied *assumpsit* to repay the money so had and received, and interest thereon, and no other damage by reason of the fraud or mistake is claimed. The complaint as for money had and received is even better by reason of the statement of the facts by which the *assumpsit* is implied, and these facts do not change the action into tort. *Grannis v. Hooker*, 29 Wis. 65.

. *By the Court.*— The order of the circuit court is affirmed.