R. W. McCHESNEY ET AL. *v.* KONA SUGAR CO., LTD.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

SUBMITTED MARCH 30, 1903.          DECIDED APRIL 13, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

It is not an abuse of discretion for a court of equity appointing a receiver to deny, without prejudice, a petition for leave to institute

against the receiver "such appropriate suits as your petitioner shall be advised in the premises," or to fail to indicate, of its own motion, and under a prayer for general relief, the nature of the proceedings which the applicant should institute and the court in which such proceedings should be brought.

### OPINION OF THE COURT BY PERRY, J.

The bill in the above entitled suit was brought, before the Circuit Judge of the Third Circuit, for the foreclosure of a lien claimed against the Kona Sugar Co., Ltd., and for the appointment of a receiver of the property of that corporation. Some months after the appointment of the receiver, the Kapiolani Estate, Ltd., presented a petition to the Circuit Judge wherein it alleged that the Kona Sugar Company was the lessee of and that its plantation, mill and other works were situated upon certain lands of the petitioner, that the rent of such lands for a period prior to the date of the appointment of the receiver and also for the time subsequent thereto was due and unpaid, that the company and the receiver refused to pay such rent, that the receiver, by virtue of a certain contract or proposed contract referred to in the petition, has committed or is about to commit a breach of the condition of the lease against assignment, and that by reason of these facts the company has forfeited all right to retain and enjoy the estate created by the lease. The prayer of the petition was that leave be granted to the petitioner "to institute and prosecute to final judgment and execution such appropriate suits as your petitioner shall be advised in the premises" against the company or the receiver or both for the purpose of securing a judgment of forfeiture and a writ of restitution.

Upon the hearing of the petition the court asked counsel for the petitioner whether the petitioner was ready to institute the desired proceedings, whether such proceedings would be at law or in equity and whether in that or in some other court. To each of these questions counsel replied, in effect, that he did not know. The petition was denied "without prejudice to peti-

tioner to take such other proceedings as it may deem meet."
From this order the present appeal was taken.

That a receiver cannot be sued or his possession of property
held by him as such disturbed, without the permission of the
court appointing him, is not disputed by the appellant; nor is
it disputed that it is within the judicial discretion of such court
to grant or to withhold such permission. Such leave is usually
granted unless it appears clealy from the application that the
demand has no legal foundation. Beach, Receivers, §652. It
would, perhaps, be an abuse of discretion to refuse leave where
a probable cause of action is shown. It is also clear that it is
discretionary with the court to allow the bringing of an inde-
pendent action or suit in another court or to compel the party to
proceed by petition in the suit in which the receiver was ap-
pointed, (Beach, Receivers, §§654, 649; High, Receivers,
§254b; *Bank v. Landauer*, 68 Wis. 44) although leave to sue
in another court is ordinarily refused if the court having juris-
diction in the original suit is competent to hear and determine
the controversy. Beach, §658; High, §254b; *Olds v. Tucker*,
35 O. St. 581. This discretionary power last referred to should
not be surrendered or transferred by the court to any party
claimant, and yet that is, in effect, what the present applicant in
its petition asked the court to do. It certainly was not an abuse
of discretion to refuse the permission asked for. It is contended,
however, that under the prayer for general relief the court
could have indicated what proceedings were, in its opinion, pro-
per to be brought and granted leave accordingly, and the sug-
gestion is made that the applicant would be satisfied with leave
to bring an action for summary possession in a District Court
or, in the alternative, a petition before the Circuit Judge for an
order directing the receiver to pay the rent due or to yield
possession. This suggestion is made for the first time in this
court; it was not made to the Circuit Judge. The petitioner
before the Circuit Judge stood upon his petition as presented
and although directly requested to do so failed to inform the
court of the nature of the procedings desired to be instituted or
as to what court the action or suit would be brought in. While

it was in the power of the Circuit Judge to specify, of his own motion, what course the applicant should follow concerning these matters and to give leave accordingly, it was not his duty to do so, much less can it be said that by failing to do so he committed an abuse of discretion. His order expressly leaves the Kapiolani Estate, Ltd., at liberty to apply in due form when it has concluded what proceeding it is that it desires to bring.

The order appealed from is affirmed.

*C. W. Ashford* and *E. A. C. Long* for appellant.

*J. W. Cathcart* for appellees.