## MICHAEL BRAHAM *v.* HONOLULU AMUSEMENT COMPANY, LIMITED, A CORPORATION.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 27, 1913.                    DECIDED JUNE 4, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

ASSUMPSIT, *Action of—definition—breach of contract.*

> A declaration for the recovery of damages for the non-performance of a parol contract to give plaintiff employment for a stated time at a specified compensation states a cause of action in assumpsit.

COSTS—*assumpsit—attorney's commissions.*

> In such a case attorney's commissions are, under R. L., §1892, taxable as costs in favor of the prevailing party.

### OPINION OF THE COURT BY PERRY, J.

This is an action instituted in the district court of Honolulu for the recovery of $150. Upon the rendition, in the circuit court on appeal, of judgment in its favor the defendant sought to have allowed as a part of its bill of costs the amount of the attorney's commissions authorized by R. L., §1892, to be taxed "in all actions of assumpsit." The item was disallowed. The only question presented by the exceptions is whether this is an action of assumpsit.

The material allegations of the declaration are as follows: "That heretofore and on to wit, the 12th day of October, 1911, plaintiff and defendant entered into a certain written contract wherein and whereby it was covenanted and agreed that in consideration that plaintiff would perform as comedian with his dog at any of the theatres of the Honolulu Amusement Co., Ltd., at Honolulu, City and County of Honolulu, Territory aforesaid, for the term of three (3) successive weeks beginning with the 16th day of October, 1911, said defendant promised to pay said plaintiff as compensation for his services during said engage-

ment of three (3) weeks the sum of $150.00 per week; that plaintiff has faithfully observed and performed all conditions in and by said contract on his part to be observed and performed and ever has been and now is ready them to perform; that said defendant on to wit, the 30th day of October, 1911, without cause or excuse, did discharge said plaintiff from its employment and did refuse to carry out the terms of the said contract on its part to be carried out; that plaintiff did then and thereafter and since his discharge by defendant on to wit, the 30th day of October, 1911, as aforesaid, seek employment elsewhere in said Honolulu where his services as comedian might be required, but was and is unable to secure such employment; that by reason of the premises plaintiff is and was without employment for the week beginning October 30th, 1911, to his damage in the sum of $150.00."

If it were doubtful, in the light of these allegations, whether this was an action *ex delicto* or in assumpsit, the doubt would be resolved against the plaintiff, since he himself until the filing of the bill of costs evidently regarded it as being in assumpsit. *Whittenton Mfg. Co. v. Memphis Packet Co.*, 21 Fed. 896, 901. In his prayer for judgment he asks for attorney's commissions, a prayer wholly inappropriate in any action other than assumpsit; and in argument on the subject of costs he contended, as certified by the trial court in the bill of exceptions allowed with plaintiff's approval, that this was "an action for damages for breach of contract." It is not necessary, however, to base the decision upon this ground. Assumpsit is an action for the recovery of damages for the non-performance of a parol contract. "It lies upon contracts, either express or implied by law, and gives the party damages in proportion to the loss he has sustained by the violation of the contract." 3 Am. & Eng. Ency. Law 164, 165. Although in its origin an action *ex delicto* and formerly classed among the actions on the case, it is now generally regarded as purely an action *ex contractu* and as a form of action distinct from case. 4 Cyc. 319-321; 2 Ency. Pl. &

Pr. 988. In the case at bar the essence of plaintiff's action consists in the breach by defendant of the latter's contract to give plaintiff employment for a stated time at a specified compensation, resulting in damages to the plaintiff. It is apparent from the averments that defendant's promise was not only to pay the salary but also to furnish employment. The declaration contains no element of an action *ex delicto*. There is no allegation of negligence, fraud or malice or of any breach of any duty fixed by law independently of the will of the parties. The only breach relied on is of an express contract entered into by the defendant. If the allegations as to the contract and its breach were stricken out, no ground of action, whether *ex delicto* or otherwise, would remain. See 38 Cyc. 426, 427. The action is in assumpsit and the attorney's commissions should have been allowed. The exceptions are sustained and the case is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*F. Schnack* (*E. C. Peters* with him on the brief) for plaintiff.

*A. S. Humphreys* for defendant.