See also D.C., 203 F.Supp. 121.

Charles John **BARKHORN**, Jr., Plaintiff,

v.

**ADLIB ASSOCIATES, INC.**, a Nevada corporation, Defendant.

Civ. No. 1890.

United States District Court
D. Hawaii.

Sept. 30, 1963.

Frank D. Padgett, of Robertson, Castle, & Anthony, Honolulu, Hawaii, for plaintiff.

---

Richard K. Sharpless, of Lewis, Buck & Saunders, Honolulu, Hawaii, for defendant.

TAVARES, District Judge.

The parties to this action have stipulated that trial by jury be waived and that the case be submitted to the Court for decision on the evidence and stipulations contained or agreed upon in the Pretrial Order. The following are the Court's findings and conclusions based upon that data.[1]

Plaintiff is a citizen of the State of Hawaii and defendant is a Nevada corporation. On March 8, 1960, defendant was the owner of certain land in Waikiki, Honolulu, Hawaii. On that date, defendant gave plaintiff an option to lease said land from defendant for which option plaintiff paid to defendant the sum of $50,000.00. If the option was exercised, said sum was to apply on the rental under the lease. If the option was not exercised, defendant was to be entitled to keep it. This option was to continue to and including May 9, 1960

Plaintiff did not exercise the option but, on May 9, 1960, he sent to defendant a letter in which he stated that, because defendant had, before March 8, 1960, leased said land to Surf Associates, Inc., a Hawaii corporation, which lease was still in effect, and because a firm of architects was making a claim against Surf Associates, Inc. for a fee for plans and specifications furnished by them to that corporation, for which claim it was possible that they could file a mechanics' lien upon said land, there were "two very definite clouds upon your title which would prevent you from giving me a lease free and clear of encumbrances," and he, in effect, purported to rescind the option contract and demanded the return to him of the $50,000.00 which he had paid as consideration for the option.

Such return not being made, plaintiff brought this action for said amount, plus the sum of $28,025.46 which he had spent, relying upon the option, on plans for the development of the property.

At all times material to this action, Elizabeth M. Smyth was the owner of all of the stock of both corporations mentioned—namely, Adlib Associates, Inc., and Surf Associates, Inc.—, her husband, Theodore H. Smyth, was President, and she was Vice-President of both of said corporations, and the directors of both corporations consisted of Mr. and Mrs. Smyth and their attorneys. The lease from defendant to Surf Associates, Inc. which was executed on July 1, 1959, and was still in effect on May 9, 1960, provided that defendant could cancel it if any rent thereunder was unpaid in excess of twenty days after it became due. That lease required Surf Associates, Inc. to pay rent thereunder to defendant quarterly in advance on the first day of January, April, July and October in each year during the continuance of the lease. At the time the option agreement was entered into, no rent had been paid under that lease and no rent thereunder was paid thereafter.

Prior to the signing of the option agreement, plaintiff was informed orally that the lease to Surf Associates, Inc. was in existence but that defendant had the ability to cancel it at any time because Surf Associates, Inc. was in default in payment of rent thereunder and Elizabeth M. Smyth was the sole stockholder of both of said corporations, Theodore H. Smyth was the President and Elizabeth M. Smyth was the Vice-President of both of said corporations and they and their attorneys constituted the board of directors of both of said corporations.

Plaintiff contends that, at the time the option agreement was entered into defendant impliedly covenanted that its title to the property was in such condition that it could at that time execute the lease for which the option was given and that, inasmuch as there was another lease of the property in existence and there was a possibility that a mechanics' lien

[1.] Defendant contends that the Complaint does not state a claim upon which relief can be granted. The Court holds that the Complaint does state a claim upon which relief can be granted.

would be placed on the property, there was a breach of covenant at that time, entitling plaintiff to rescind the option agreement.

■■ A person may contract to sell land which he does not own. There is no implied covenant that he has a clear, or any, title at the time the contract is entered into. His only obligation is to be able to convey a clear title at the time agreed upon for a conveyance.[2] There is no difference in this respect between an agreement to convey title and an agreement to give a lease. It necessarily follows that, unless plaintiff exercised the option and defendant was unable at that time to execute a valid and clear lease, defendant would not be in default under the option agreement. As has been pointed out, plaintiff did not exercise the option.

■ Defendant had the right to cancel the lease to Surf Associates, Inc. during the entire time the option agreement was in effect, and there is no intimation that it would not have done so had plaintiff exercised the option. On the other hand, testimony to the effect that plaintiff was informed on behalf of defendant that Surf Associates, Inc. might eventually be used in some manner in the arrangement for tax reasons, and that there was an attempt by defendant to substitute by subsequent written agreement, not executed by plaintiff, Surf Associates, Inc. for defendant, as optionor, gives a plausible reason, convincing to this Court, for the Surf Associates', Inc. lease not being cancelled by defendant, unless and until the option should be exercised. From these circumstances the Court finds no evidence that there was any unwillingness or inability on the part of defendant to give a lease with clear title to plaintiff at any time within the option period.

Plaintiff objects to evidence as to information given him orally by persons acting in behalf of defendant, on the ground that it contradicts the claimed "implied warranty of title." The Court has ruled that there was no "implied warranty of title" during the existence of the option agreement. Therefore, such testimony, if material, would not be excluded by the parol evidence rule.

■ Plaintiff argues that he was hindered in developing the large project for which he wanted the lease because it had to be apparent to prospective investors and buyers that he was sure of getting a valid and clear lease. The testimony as to information given to plaintiff by or in behalf of defendant prior to the execution of the option agreement is admissible and material to show that he is not in a position to complain about the situation which he helped to create. If the Surf Associates' lease was something that would, in his view, deter prospective investors and buyers, he could, and undoubtedly would, have required defendant to cancel the prior lease of record before he entered into the option agreement.

The Court is convinced from all the evidence, including the testimony of plaintiff himself and other evidence and testimony stipulated to, although some facts testified to by other witnesses are not remembered or not admitted by plaintiff to be true, that plaintiff was fully aware of the situation, including the outstanding lease to Surf Associates, Inc., before the signing of the option, and found no fault with it until, faced with the prospect of losing his option from sheer inability to arrange for the necessary funds or credits within the option period, he suddenly and without previous demand or warning to defendant, attempted to rescind as a last-ditch expedient to try to retrieve his $50,000.00.

On or about January 20, 1961, the architects hereinabove mentioned filed a Notice of Mechanics' and Materialmen's Lien against the land belonging to defendant for the fee hereinabove mentioned. This, of course, was long after the option had expired. Subsequently

2. Joyce v. Shafer (1893), 97 Cal. 335, 32 P. 320. See, also, Luette v. Bank of Italy Nat. Trust & Savings Ass'n (1930), 9th Cir., 42 F.2d 9, 10.

defendant herein and others filed an action in the Circuit Court of the First Circuit, State of Hawaii, against said architects, seeking an Order vacating and cancelling said Notice of Lien on the ground that the circumstances upon which the fee was claimed did not come within the Hawaii statute permitting mechanics' liens.[3]

On April 30, 1963, that Court granted a motion by plaintiffs in that action for summary judgment and rendered judgment vacating and cancelling of record the lien claimed by said Notice of Lien on the ground alleged in the Complaint therein. Said ruling of said Court is binding on the parties and this Court. Since plaintiff never exercised the option and therefore never put defendant to the test of clearing up possible deficiencies in title, the question is really academic. Plaintiff never gave defendant an opportunity to clear up any question of title, although aware of the possible claim some time before the expiration date of the option.

The evidence is clear that plaintiff was notified as early as approximately March 28, 1960 (Exhibit 2), of this possible lien claim, yet there is not a shred of evidence tending to show that plaintiff protested or was concerned with such possible claim or ever demanded that it be cleared or that satisfactory assurances be given that it could and would be cleared, before the last-minute May 9th letter of purported rescission was sent to defendant. As to this alleged ground of rescission, the Court believes also that it was an afterthought and last-ditch expedient attempted by plaintiff.

Furthermore, if this action be considered as equitable or quasi-equitable as well as legal, the Court finds no such equities in favor of plaintiff as would warrant a judgment permitting a recovery by him in this action.

The parties hereto have stipulated that the First Amended Counterclaim herein may be dismissed with prejudice, each party to bear his and its costs with respect thereto.

For the foregoing reasons the First Amended Counterclaim herein is dismissed with prejudice, each party to bear his and its costs with respect thereto, and judgment will be rendered in favor of defendant on the Complaint as amended herein, defendant to have its costs. Counsel for defendant will prepare a form of Judgment.

---

3. Adlib Associates, Inc., a Nevada corporation; Surf Associates, Inc., a Hawaii corporation; Waikiki Manor, Ltd., a Hawaii corporation; Theodore H. Smyth; and Elizabeth M. Smyth, Plaintiffs, v. Weed, Wallace & Associates, Inc., a Hawaiian corporation, Defendant, Civil No. 7370.