Charles John **BARKHORN**, Jr., Plaintiff,

v.

**ADLIB ASSOCIATES, INC.**, a Nevada corporation, Defendant.

Civ. No. 1890.

United States District Court
D. Hawaii.

Jan. 7, 1964.

Frank D. Padgett, of Robertson, Castle & Anthony, Honolulu, Hawaii, for plaintiff.

Richard K. Sharpless, of Lewis, Buck & Saunders, Honolulu, Hawaii, for defendant.

TAVARES, District Judge.

On March 8, 1960, defendant gave plaintiff an option, to continue to and including May 9, 1960, to lease certain land from defendant for which option plaintiff paid to defendant the sum of $50,000.00. If the option was exercised, said sum was to apply on the rental under the lease. If the option was not exercised, defendant was to be entitled to keep it.

Plaintiff did not exercise the option but, on May 9, 1960, he sent to defendant a letter by which, for reasons therein set out, he purported to rescind the option contract and demanded the return to him of said $50,000.00.

Such return not being made, plaintiff brought this action, based on diversity of citizenship, for said amount, plus the sum of $28,025.46 which he had spent, relying upon the option, on plans for the development of the property. The Court rendered judgment in favor of defendant, including defendant's costs.

Thereafter, defendant filed its Bill of Costs herein and the Clerk taxed the full amount thereof.

Plaintiff has moved for a review of such taxing of costs, objecting to the items of $6.88, marshal's fee for service of subpoenas on two witnesses, $10.88, witness's fees of such witnesses, and $1,957.50, attorney's fees. Both parties have submitted the motion on the memoranda filed.

Said witnesses were served with subpoenaes prior to the pretrial conference and subsequent Pretrial Order. By stipulation, the case was submitted to the Court for decision on the evidence and stipulations contained or agreed upon in the Pretrial Order

 If a subpoenaed witness does not testify, it is presumed that his testimony was unnecessary and fees therefor are not allowed. Such presumption is rebutted if, because of concessions or admissions, such testimony becomes unnecessary and fees as to such witness are allowed.[1] However, it must be shown that such testimony originally was necessary. It does not appear whether the testimony of either of such witnesses originally was necessary.

 Therefore, said fees of $6.88 and $10.88 are disallowed.

Defendant bases its claim to attorney's fees on Revised Laws of Hawaii, 1955, Section 219–14, which provides as follows:

"In all the courts, in all actions of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, ten per cent on all sums to $100, and two and one-half per cent in addition on all sums over $100, to be computed on the excess over $100. The above fees shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment. * * * "

Defendant contends that this action is one in assumpsit and that the State statute applies. Plaintiff contends that this action is not one in assumpsit and that, even if it were, the State statute does not apply because 28 United States Code, Section 1920, as to costs, which does not include attorney's fees, other than attorney's docket fees, is exclusive.

Plaintiff purported to rescind the option contract and sought to recover the consideration he paid for the option and money which he had spent, relying on the option, on plans for the development of the property. The Supreme Court of Hawaii has held that actions for breach of contract [2] for money converted,[3] and for recovery on a bond [4] are in assumpsit. Undoubtedly, the Supreme Court of Hawaii would hold that an action such as this, for recovery upon rescission of a contract, is in assumpsit.

In addition, plaintiff sought "reasonable attorneys' commissions" in the prayer of his complaint herein. In this connection, the following statement of the Supreme Court of Hawaii is of interest:

"If it were doubtful, in the light of these allegations, whether this was an action *ex delicto* or in assumpsit, the doubt would be resolved against the plaintiff, since he himself until the filing of the bill of

1. Mueller v. Powell (1953), D.C., Mo., 115 F.Supp. 744.

2. Braham v. Honolulu Amusement Co. (1913), 21 Hawaii 583.

3. Osorio v. Waterhouse Trust Company, Ltd. (1926), 29 Hawaii 376.

4. Allied Amusements, Ltd. v. James W. Glover, Ltd. (1953), 40 Hawaii 92.

costs evidently regarded it as being in assumpsit. Whittenton Mfg. Co. v. Memphis Packet Co. [5 Cir.], 21 Fed. 896, 901. In his prayer for judgment he asks for attorney's commissions, a prayer wholly inappropriate in any action other than assumpsit. * * * " [5]

In People of Sioux County, Nebraska v. National Surety Company (1928), 276 U.S. 238, at pages 243 and 244, 48 S.Ct. 239, at pages 240–241, 72 L.Ed. 547, the Supreme Court said:

"Disregarding mere matters of form it is clear that it is the policy of the state to allow plaintiffs to recover an attorney's fee in certain cases, and it has made that policy effective by making the allowance of the fee mandatory on its courts in those cases.

"It would be at least anomalous if this policy could be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts.

"That the statute directs the allowance, which is made to plaintiff, to be added to the judgment as costs are added does not make it costs in the ordinary sense of the traditional, arbitrary and small fees of court officers, attorneys' docket fees and the like, allowed to counsel by R.S. §§ 823, 824.

"The present allowance, since it is not costs in the ordinary sense, is not within the field of costs legislation covered by R.S. §§ 823, 824. That the particular mode of enforcing the right provided by the state statute—i. e., by taxing the allowance as costs—is not available to the federal courts under R.S. §§ 823, 824 does not preclude the recovery. Since the right exists the federal courts may follow their own appropriate procedure for its enforcement by including the amount of the fee in the judgment. R.S. § 914. * * * "

The Hawaii statute herein involved does not refer to such attorney fees as costs. However, the Supreme Court of Hawaii has treated them as costs.[6]

Plaintiff cites Brown v. Consolidated Fisheries Company (1955), D.C., Del., 18 F.R.D. 433. That case merely holds that the Federal Court may allow costs provided by 28 United States Code, Section 1920, in a diversity case even though apparently all or some of such costs are not allowed by State law.

Conte v. Flota Mercante Del Estado (1960), 2nd Cir., 277 F.2d 664, cited by plaintiff, is not contrary to the holding of the Supreme Court in People of Sioux County, Nebraska v. National Surety Company, supra. At page 672 of 277 F.2d the Court said:

"If provision for recovery of counsel fees had been made in an Argentine statute outlining the elements compensable in seamen's or perhaps in all personal injury actions, we should doubtless give effect to this as an integral part of the claim * * *."

■ It is thus apparent that defendant is entitled to its claimed attorney's fees in this case.[7]

In order to obviate any technical problems as to whether such fees can be allowed as costs, instead of allowing them as costs the Court will treat the notice given by the attorney for defendant to the attorney for plaintiff that he would appear before the Clerk to tax the costs on the day after the entry of the Judgment herein as a Motion under Federal Rules of Civil Procedure, Rule 59(e), to amend the Judgment herein by adding thereto the attorney's fees claimed by

---

5. Braham v. Honolulu Amusement Co., supra, 21 Hawaii p. 584.

6. Braham v. Honolulu Amusement Co., supra; Allied Amusements, Ltd. v. James W. Glover, Ltd., supra.

7. See, also, 8 L.Ed.2d 900.
The amount claimed is a little less than the amounts provided for in the statute.

defendant under the Hawaii statute [8] and the Judgment heretofore entered herein will be amended by adding, at the last line thereof "and the sum of $1,957.50, attorney's fees."

---

8. The notarization of the Bill of Costs obviously is misdated. The notice mentioned undoubtedly was mailed on December 11, 1963, the date on which the Judgment was entered herein.