Charles John **BARKHORN**, Jr.,
Appellant,

v.

**ADLIB ASSOCIATES, INC.**, a Nevada
corporation, Appellee.

No. 22434.

United States Court of Appeals
Ninth Circuit.

April 23, 1969.

Frank D. Padgett (argued), Burnham H. Greeley, Honolulu, Hawaii, for appellant.

Marvin Osburn (argued), Los Angeles, Cal., for appellee.

Before HAMLEY, MERRILL and ELY, Circuit Judges.

PER CURIAM:

Charles John Barkhorn, Jr., brought this action against Adlib Associates, Inc. to recover the sum of $50,000 paid to defendant as the cash consideration for a sixty-day option to lease, for fifty-five years, certain lands at Waikiki. Plaintiff also sought to recover the sum of $28,025.46 representing expenses allegedly incurred, in reliance upon the option, in planning for the development of the property. Plaintiff's claims were premised on the theory that the option granted him for a lease of the property carried with it an implied warranty of title in the defendant; that the property was actually and prospectively encumbered and that the title was not clear; and that, therefore, plaintiff, without having attempted to exercise the option, but having given notice of purported cancellation thereof before expiration of the option, is entitled to recover the monies paid for the option and monies expended in reliance on the option.

After a trial to the court without a jury, the trial court rendered an opinion in favor of defendant. Barkhorn, Jr. v. Adlib Associates, Inc., D.Hawaii, 222 F. Supp. 339. A judgment dismissing the action was thereupon entered. Plaintiff appealed. This court remanded with the suggestion that the decision and findings therein should be vacated so that the matter of the existence of diversity jurisdiction could be inquired into. Our opinion further indicated that after such inquiry a new decision and judgment should be entered. Barkhorn v. Adlib Associates, Inc., 9 Cir., 345 F.2d 173.

Further proceedings were then had in the district court on the question of diversity jurisdiction, as a result of which it was determined that such jurisdiction existed. In that decision the district court also reaffirmed its original decision on the merits. A new judgment dismissing the action was entered and this appeal followed. On this appeal no jurisdictional question is presented but only issues pertaining to the correctness of the judgment on the merits.

We affirm for the reasons stated in the original opinion referred to above, reported in 222 F.Supp. 339.

Judge ELY concurs in the result.