**HEALY–TIBBITTS CONSTRUCTION COMPANY, Plaintiff/Appellee,**

v.

**HAWAIIAN INDEPENDENT REFINERY, INC., Defendant/Third-Party Plaintiff/Appellant,**

and

**Bechtel, Inc., Third-Party Defendant.**

No. 80–4270.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 1981.

Decided March 31, 1982.

Felix A. Maciszewski, Honolulu, Hawaii, for plaintiff/appellee.

Before ALARCON, POOLE and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Healy-Tibbitts Construction Company sued Hawaiian Independent Refinery, Inc. ("HIRI") for damages plus interest, costs, and attorneys' fees in an action allegedly arising out of performance of a construction contract. The original complaint listed seven counts, five of which were in contract, two of which were arguably in tort. At trial, defendants prevailed on all counts. Pursuant to the judgment on the complaint, HIRI submitted a bill of costs, including attorneys' fees to be taxed to the losing party in actions in the nature of assumpsit pursuant to Hawaii Rev.Stat. § 607-14 (1972). The court awarded HIRI its costs, but denied the statutory attorneys' fees on the basis that the plaintiff's initial claim included nonassumpsit claims and that, therefore, the attorneys' fees statute did not apply. Defendant HIRI appeals from the latter ruling.

The only issue presented is whether the district court erred in denying attorneys' fees to HIRI on the basis that Hawaii Rev. Stat. § 607-14 does not apply to this action because plaintiff's initial complaint included nonassumpsit as well as assumpsit claims.

The original statute provided that in all actions of assumpsit the prevailing party is entitled to attorneys' fees taxed to and paid by the losing party. With Hawaii's acceptance of modern rules of civil procedure, the original statute became very difficult to apply because under the new rules it was no longer necessary to plead specific legal theories. The modern Federal Rules of Procedure also do not distinguish between different forms of civil action. Rule 2 of the Federal Rules of Civil Procedure explicitly states that there shall only be one form of

Alexander C. Marrack, Hoddick, Reinwald, O'Connor & Marrack, Honolulu, Hawaii, for defendant/third-party plaintiff/appellant.

action known as a civil action. Rule 8 of the Federal Rules of Civil Procedure establishes that it is unnecessary to plead a specific legal theory when filing a complaint in a civil action. Instead, the complaint need only contain a short statement of the facts and a demand for judgment to which the claimant believes he or she is entitled. In recognition of the reality that the modern rules of civil procedure abolish assumpsit as a separate form of civil action, the Hawaiian statute was revised to provide attorneys' fees in all actions in the *nature* of assumpsit. What constitutes a case in the nature of assumpsit has been broadly defined by Hawaiian case law.

There is no doubt that assumpsit covers all possible contract claims. Historically actions in assumpsit were suits at common law for breach of contract, express or implied. Suits for extra work performed under a contract and for quantum meruit were considered to be actions in assumpsit.

When there is doubt as to whether the action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit. Given the fact that under the modern rules of civil procedure the technicalities of common law pleadings are no longer important, it is not unusual for doubt to arise as to the nature of the suit. The determination of when an action is in the nature of assumpsit should be based on whether the actual factual allegations are such that historically the action would have been brought in assumpsit. *See Osorio v. Waterhouse Trust Co.*, 29 Haw. 376, 388 (1926); *Barkhorn v. Adlib Associates, Inc.*, 225 F.Supp. 474, 475 (D.Haw.1964), 222 F.Supp. 339, *aff'd per curiam*, 409 F.2d 843 (9th Cir. 1969). When there is doubt as to whether or not the plaintiff's complaint is in assumpsit or in tort, a plaintiff's prayer for attorneys' fees has been cited as a significant indication that the action sounded in assumpsit. *Braham v. Honolulu Amusement Co.*, 21 Haw. 583, 584 (1913).

The parties agree that five of the plaintiff's seven counts were in the nature of assumpsit. Two of the remaining counts are arguably in tort. Simply adding claims that are arguably in tort does not automatically, however, turn the action into a suit in tort. At most, the two questionable counts would raise a doubt as to whether the action was in assumpsit or in tort. However, when there is doubt as to the nature of the suit, the presumption is that it sounds in assumpsit and not in tort. *See Osorio v. Waterhouse Co.*, 29 Haw. 376, 385 (1926)

The presumption in favor of assumpsit is strengthened when the plaintiff has prayed for attorneys' fees in his original complaint. Under Hawaii law, a plaintiff who claims statutory attorneys' fees can be estopped to deny that his action is in the nature of assumpsit.

If it were doubtful in the light of these allegations, whether this was an action ex delicto or in assumpsit, the doubt would be resolved against the plaintiff since he himself until the filing of the bill of costs evidently regarded it as being in assumpsit (*Whittenton Mfg. Co. v. Memphis Packet*, 21 F. 896, 901). In his prayer for judgment he asks for attorney's commissions, a prayer wholly inappropriate in any action other than assumpsit.

*Braham v. Honolulu Amusement Co., supra*, 21 Haw. at 584.

In this case, then, even if the two additional counts that sounded in tort raised a doubt as to whether or not the action was in assumpsit, the fact that the plaintiff prayed for attorneys' fees in his original complaint means that doubt should be resolved in favor of the defendant. Of course, not every complaint that joins claims sounding in contract with claims sounding in tort need be considered a case "in the nature of assumpsit." If the contract claims are merely decorative, for instance, and not germane to the genuine dispute being litigated, the court might appropriately decline to apply the provisions of Hawaii Rev.Stat. § 607–14. The case before us, however, is clearly not of that character. Here, the trial judge held the statute inapplicable merely because tort claims were included in the complaint. That holding was error.

Attorneys' fees, then, should have been granted. The amount of such fees is left to the discretion of the trial judge. We observe, however, that the judge is limited in the exercise of that discretion by the schedule set out in the statute. In determining a reasonable fee within the statutory limits, the judge is free to consider such factors as the amount and difficulty of legal services reasonably called for and actually provided, in the prosecution or defense of the various counts of the complaint, and the degree of success attributable to the various elements of those services. In evaluating these factors, the judge should of course be guided by the policy inherent in a statute which grants attorneys' fees for cases "in the nature of assumpsit," but not for other kinds of cases.

REVERSED AND REMANDED.

POOLE, Circuit Judge, dissenting:

I respectfully dissent because the plain wording of the statute makes it as clear as considered words can bespeak that no attorneys' fees are payable except to the prevailing party in actions in the nature of assumpsit. There is no pleading doubt that two of the counts here were *not* in that nature but were tort claims for which it is simply a misapplication of the statute to grant fees.

The district court was incorrect in denying *all* fees; but it was correct as to the tort claims. It would seem as a matter of common sense that there should be an apportionment, allocating to the prevailing party such fees as were attributable to services incurred in the assumpsit claims and denying them as to the balance. The last paragraph of the majority opinion makes a circumambulatory suggestion that the trial judge ought to be "guided by the policy inherent" in the statute. I would forthrightly articulate that policy by saying what I have just said about apportioning.